# U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LMN
F.#2009R02211

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 7, 2010

By Federal Express

Peter Brill, Esq.
Karasyk & Moschella, LLP
225 Broadway
32nd Floor
New York, New York 10007

      Re:   United States v. Oscar Sandino
             Criminal Docket No. 10-331 (VPP)

Dear Mr. Brill:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, enclosed please find government discovery in the above-referenced matter. The government also requests reciprocal discovery pursuant to Rule 16.

1. <u>Statements of the Defendant</u>

      The defendant was arrested on or about May 18, 2010. The defendant made no post-arrest statements.

2. <u>Prior Criminal History</u>

      A copy of the defendant's criminal history report is enclosed.

3. <u>Documents and Tangible Objects / Reports of Examinations and Tests</u>

      The government hereby produces documents and tangible objects. These documents and tangible objects include, among other things:

    (a) a photograph of the defendant;

    (b) paperwork from the Queens District Attorney's Office for <u>People v. Rafael Checo</u>, including NYPD arrest reports; a police laboratory controlled substance report and

2

      corresponding handwritten notes; property clerk's invoices #N301402 and N301398; waiver of indictment forms; and an Information;

(c) a Case Tracking form from the Queens District Attorney's Office for Jane Doe 1;

(d) paperwork from the Queens District Attorney's Office for <u>People v. Daniel Duverge</u>, including a search warrant, order and search inventory for 89-21 Elmhurst Ave., Apt. 323, Elmhurst, NY; NYPD arrest reports; and property clerk invoices #P027152-54;

(e) copies of text messages sent between the defendant and Jane Doe 1.

The original documents and items are in the custody of the FBI. You may call me to arrange a mutually convenient time to inspect, copy and/or photograph those items.

Draft transcripts will be provided to you for certain recordings if and when the transcripts are drafted in preparation for trial in this case. Please find enclosed a Draft Transcript stipulation. Please sign the stipulation and fax it back to: AUSA Licha Nyiendo, 718-254-6321 (fax).

4. <u>Expert Witnesses</u>

The government will comply with Federal Rule of Criminal Procedure 16(a)(1)(G) by notifying defense counsel of the name and credentials of any expert that the government intends to call at trial, and by providing defense counsel with a summary of that expert's opinion in a timely manner before trial.

5. <u>Brady Material</u>

The government is unaware of any exculpatory material regarding the defendant in this case. The government is aware of and will comply with its obligation to produce exculpatory material or information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The government will furnish you before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

6. <u>Other Crimes, Wrongs, or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

<u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid any unnecessary delays, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and demands the names and addresses of any witnesses upon whom the defendant intends to rely in establishing that defense in any such notice.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of alibi. The written notice shall state the specific place or

places at which the defendant claims to have been at the time of the alleged offense, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. The offense took place at the location, date, and time specified in the Complaint and the Indictment.

If you have further questions or requests, please contact me.

Very truly yours,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: _____/s/_____
Pamela K. Chen
Licha M. Nyiendo
Assistant U.S. Attorneys
(718) 254-7575/6350

Enclosures

cc: Clerk of the Court (VPP)
    (w/o enclosures)