LAW OFFICES OF

# JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

2 WALL STREET
3rd Floor
NEW YORK, NEW YORK 10005
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                        STEVEN WRIGHT
—                                                                                 *Office Manager*
AARON MYSLIWIEC                                                    RYAN DUFFEY
ALICE L. FONTIER                                                           *Paralegal*
STUART A. WHITE
LINDSAY A. LEWIS

June 6, 2011

Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *United States v. Sandino*,
          Docket No.: 10-cr-331

Dear Judge Pohorelsky:

  This letter is in reference to the above-entitled case, in which this firm represents Oscar Sandino, and constitutes Mr. Sandino's objection to the government's request for restitution. In a letter dated May 31, 2011, the government request restitution in the amount of $1350.00 on behalf of Jane Doe 1. This amount purportedly represents the total cost incurred by Jane Doe 1 for psychiatric treatment from December 29, 2008 through April 16, 2011. Mr. Sandino opposes this request on the basis that the government has not demonstrated that the treatment received by Jane Doe 1 was related to his conduct.

  The counts of conviction do not require restitution, therefore the question of whether to impose restitution is within the court's discretion. 18 U.S.C. § 3663(a)(1)(A), *and United States v. Lavin*, 27 F.3d 40, 42 (2d Cir. 1994). However, prior to imposing an order of restitution, the Court must first find that Mr. Sandino's conduct caused the victim's loss. *United States v. Woods*, 689 F. Supp. 2d 1102, 1107 (N.D. Iowa 2010) ("the statute [18 U.S.C. § 3663] does not allow the court to order restitution in the absence of some causal connection between a defendant's conduct and a victim's losses.")

LAW OFFICES OF
**DRATEL & MYSLIWIEC, P.C.**

Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
June 6, 2011
Page 2 of 2

      Here, Count 1 of the Indictment states that Mr. Sandino committed the offense between February 16, 2008, and March 11, 2008. The single page letter from Dr. Yasmin Collazo, outlining the medical costs, states that Jane Doe 1 received medical treatment beginning in December, 2008 and continuing through the present. The government does not offer anything that demonstrates that Jane Doe 1's psychiatric treatment, beginning eight months after her contact with Mr. Sandino, is in any way related to his conduct.

      Accordingly, Mr. Sandino opposes the requested restitution, and asks that the Court deny the request. Thank you for your consideration of this matter.

                                                Respectfully submitted,

                                                S/Aaron J. Mysliwiec
                                                Aaron J. Mysliwiec
                                                Alice L. Fontier

cc:    Pam Chen (by ECF)
        Licha M. Nyiendo (by ECF)
        Assistant United States Attorneys, EDNY