UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                   **ORDER OF RESTITUTION**

    - v -

                                                   CR-10-331 (VVP)

OSCAR SANDINO,
                 Defendant.
------------------------------------------------------------x

      In accordance with the court's order at sentencing, the parties have submitted additional information and argument in connection with the government's request for an order requiring the defendant to make restitution to one of the victims of his crimes. The restitution sought by the government is reimbursement for the expenses of psychiatric treatment incurred by the victim of the offense charged in Count One of the Information, an offense to which the defendant pleaded guilty. The government seeks an order requiring the defendant to pay $1,350 in restitution as established by an invoice of the psychiatrist who treated the victim.[1]

      In sentencing a defendant convicted of an offense under title 18, the court "may order . . . that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A). A "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense." *Id*. § 3663(a)(2). There is no dispute that the victim of the offense charged in Count One of the Information qualifies as one to whom restitution may be made. The defendant does challenge the award, however, on the ground that the

---

[1] The invoice from the victim's psychiatrist establishes that the charges represent the victim's responsibility for co-payments of $30 for each of 45 visits. Although there is no evidence that the victim has actually made any of those co-payments to her psychiatrist, the invoice adequately establishes that they are a debt for which she is responsible.

government did not adequately establish that the treatment was causally connected to the offense. Mysliwiec Letter, June 6, 2011 [Dkt. Ent. 40]. In response, the government has submitted a statement from the records of the psychiatrist who treated the victim dated December 29, 2008, well before the defendant's conviction, providing a diagnosis that the victim was suffering from post-traumatic stress disorder directly attributable to the conduct for which the defendant was convicted. That proof establishes the necessary connection between the offense conduct and the expenses for which restitution is sought.

Whether expenses for psychological treatment are a proper subject for restitution presents a thornier question which neither the government nor the defendant addressed. Section 3663 specifically provides for a restitution award based on such expenses "in the case of an offense resulting in bodily injury to a victim," 18 U.S.C. § 3663(b)(2), but since there is no contention here that the victim suffered any bodily injury that provision does not apply. Section 3663 is otherwise silent on whether such expenses may be the subject of restitution in any other case, and an argument could be made that by negative implication psychological expenses may not serve as a basis for restitution in the absence of bodily injury. Such an interpretation of the statute, however, would run counter to the purpose of the statute, "which was to require the wrongdoer . . . to the degree possible to restore the victim to his or her prior state of well-being." *United States v. Milstein*, 481 F.3d 132, 136 (2d Cir. 2007) (*citing United States v. Brown*, 744 F.2d 905, 910 n. 4 (2d Cir. 1984) (internal quotation marks omitted). The court notes as well that restitution for psychological treatment is mandated for certain sexual offenses under federal law. *See* 18 U.S.C. § 2248. Since the sexual abuse

committed by the defendant here would have violated the statute for which such restitution is mandated but for the jurisdictional limitation of the statute, *see* 18 U.S.C. § 2242, restitution for psychological expenses incurred by the victim of such sexual abuse should be equally available under section 3663.

Accordingly, the judgment of conviction is hereby amended to require the defendant to make restitution to the victim of the offense in Count One of the Information in the amount of $1,350, which amount is due immediately and shall be paid by the defendant at the rate of $25 per quarter while he is in custody and at the rate of 10% of his gross income per month while he is on supervised release.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
July 6, 2011